**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

CDS BUSINESS SERVICES INC.
doing business as
NEWTEK BUSINESS CREDIT,

                        Plaintiff,              **REPORT AND RECOMMENDATION**

     v.                                       21-CV-1992 (JS) (ST)

STEPHAN JOSEPH SEBBAG,

                        Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

        Plaintiff CDS Business Services Inc., doing business as Newtek Business Credit ("Plaintiff" or "Newtek") filed a Complaint against Defendant Stephan Joseph Sebbag ("Defendant" or "Sebbag") alleging breach of Sebbag's personal guaranty obligations. Defendant moved to dismiss the Complaint on two grounds. First, Defendant moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2). Second, Defendant moves to dismiss the action for improper venue pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative transfer the venue to the Central District of California pursuant to 28 U.S.C. § 1404(a).

        The Honorable Joanna Seybert referred Defendant's Motion to the undersigned to issue a Report and Recommendation. For the reasons set forth below, this Court respectfully recommends that Defendant's Motion to Dismiss the Complaint or Transfer Venue to the Central District of California be DENIED.

I. BACKGROUND

A. Facts

Plaintiff is a Delaware corporation with a principal place of business in Lake Success, New York. *See* Compl. ¶ 1, DE 1; *see also* Triant Decl. ¶ 3, DE 34-1.

Defendant, an individual male, is a resident of California. *See* Sebbag Decl. ¶ 2, Def.'s Mot. to Dismiss, DE 28-2. Defendant is the manager of two California based non-party entities, Big Picture Group LLC ("Big Picture") and BPG Interactive, LLC ("BPG") (collectively, "BPG Entities"). *See* Sebbag Decl. ¶ 3.

This action stems from two lines of credit secured from Plaintiff by the BPG Entities. In 2019, the BPG Entities needed immediate financing for purposes of cash flow and new sales hires. *See* Sebbag Decl. ¶ 4. The BPG Entities needed approximately $1.2 million in financing. *Id*. Sebbag learned that Plaintiff offered loans for small businesses through the United States Small Business Administration ("SBA"). *Id*. Sebbag, as manager of the BPG Entities, began negotiations with Defendant to secure loans for that amount. *Id*. To approve financing, Plaintiff required the execution of two separate loan agreements, and chose to offer the second loan only after the parties closed on the first loan. *Id*. ¶ 5.

In June 2019, Sebbag secured the first loan ("SBA Loan"). *Id*. ¶ 6. Plaintiff advised Sebbag that it had approved his application for a secured line of credit in the amount of $900,000. *See* Triant Decl. ¶ 8. The terms for the financing were contained in the Approval Letter dated June 4, 2019, which expressly required an "Unlimited guaranty of Steph Sebbag."

*Id*. ¶ 8. According to Sebbag, however, the BPG Entities closed on the SBA Loan, in the amount of approximately $600,000.00, and that loan is current in its payments. *See* Sebbag Decl. ¶ 5.

In September 2019, Sebbag secured the second loan (as defined hereafter "AR Loan Agreement"). *Id*. ¶ 6-7. According to Sebbag, the BPG Entities closed on the second loan for an additional amount of $600,000.00. *Id*. Plaintiff advised Sebbag that the second loan would be made by way of an Accounts Receivable Administration Agreement ("AR Loan Agreement"), in which all accounts receivable of the BPG Entities would be used as security for the loan. *Id*. Plaintiff further required that Defendant sign a personal guaranty to secure the AR Loan Agreement ("Personal Guaranty"). *See* Triant Decl. ¶ 13; *see also* Personal Guaranty, DE 34-5. Defendant reluctantly agreed. *See* Sebbag Decl. ¶ 7. Accordingly, on September 9, 2019, the parties entered into the AR Loan Agreement and Personal Guaranty. *See* Pl.'s Opp., DE 34-5,6. The Termination Date of the AR Loan Agreement was set for September 9, 2020. *Id*.

As to the terms of the Personal Guaranty, Defendant agreed to unconditionally and irrevocably guaranty the prompt payment and performance of the obligations under the AR Loan Agreement by the Termination Date set for September 9, 2020. *See* Personal Guaranty, DE 34-5. The Personal Guaranty also included provisions to incorporate a New York choice of law, a New York choice of forum, and a jury waiver clause. *Id.* §§ 14-16.

Until approximately May 2020, the BPG Entities made payments on the AR Loan, and as manager of the BPG Entities, Defendant wrote the checks to Plaintiff from the operating accounts of the BPG Entities from California. Sebbag Decl. ¶ 8. Sometime in 2020, however, the BPG entities ceased their operations and became defunct. *Id.* ¶ 3. Resultingly, in July 2020, the BPG Entities defaulted under the AR Loan Agreement and failed to pay all amounts due prior to the Termination Date set for September 9, 2020. Triant Decl. ¶ 20.

On July 7, 2020, Plaintiff sent a Notice of Default to the BPG Entities.  Compl. ¶ 21. Subsequently, on January 19, 2021, Plaintiff sent a demand for immediate payment of all amounts due under the AR Loan Agreement and requested that Defendant promptly comply pursuant to the terms of his Personal Guaranty.  Triant Decl. ¶ 23.  Defendant allegedly failed to comply with his obligations under the Personal Guaranty.  *Id*. ¶ 24.

### B.  Procedural History

On April 14, 2021, Plaintiff commenced this action seeking $418,959.10 plus interest, late charges and other fees from Defendant due to his failure to comply with the terms under the AR Loan Agreement and Personal Guaranty.  *See* Compl. at 7-8.

The Court held settlement conferences on December 15, 2021, and January 4, 2022.  DEs 32, 33.

Unable to reach a settlement in this case, the parties proceeded to complete discovery. DE 42.  Per the parties' joint status report, discovery was completed by June 2022.  *Id*.

On December 3, 2021, Defendant filed the instant Motion to Dismiss, which was fully briefed as of January 28, 2022, and referred to the undersigned on November 8, 2022.

## II.   JURISDITION

Plaintiff commenced this action under 28 U.S.C. § 1332 based upon the parties' diversity of citizenship, and the fact that the amount in controversy is in excess of $75,000, exclusive of interest and costs.  To wit, the Plaintiff is a citizen of the States of New York and Delaware, and the Defendant is a citizen of the State of California.

### III. LEGAL STANDARD

#### A. FRCP 12(b)(6)

"In a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 580-81 (E.D.N.Y. 1998). "Before discovery, a plaintiff must plead in good faith legally sufficient allegations of jurisdiction in order to defeat a defendant's motion to dismiss for lack of personal jurisdiction…. These allegations, however, must constitute more than mere legal conclusions restated as statement of fact." *Guo Jin v. EBI, Inc.*, No. 05-cv-4201 (NGG) (SMG), 2008 WL 896192, at 2 (E.D.N.Y. Mar. 31, 2008).

Plaintiff bears the burden of establishing jurisdiction over Defendant. *See Mirman v. Feiner*, 900 F. Supp.2d 305, 308-09 (E.D.N.Y. 2012). "To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists. Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68, 81 (2d Cir. 2018). "If, but only if, jurisdiction is proper under state law must the court address whether exercise of jurisdiction comports with constitutional standards of due process under the Fourteenth Amendment." *Stephan v. Babysport, LLC*, 499 F. Supp.2d 279, 285 (E.D.N.Y. 2007).

#### B. FRCP 12(b)(3)

Enforcement of a forum selection clause is an appropriate basis for a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 478 (2d Cir.2011). To survive a Rule 12(b)(3) motion to dismiss,

the plaintiff has the burden of pleading venue. *See Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F.Supp.2d 543, 551 (E.D.N.Y.2011). If the court relies only on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir.2005). Thus, if an evidentiary hearing on the question of venue has not been held, "the Court accepts facts alleged in the complaint as true and draws all reasonable inferences in [plaintiff's] favor." *Person v. Google Inc.*, 456 F.Supp.2d 488, 493 (S.D.N.Y.2006) (quoting *Caremark Therapeutic Servs. v. Leavitt*, 405 F.Supp.2d 454, 457 (S.D.N.Y.2005)). The Court is permitted, however, to consider facts outside of the pleadings on a Rule 12(b)(3) motion. *See TradeComet.com LLC v. Google, Inc.* ("*TradeComet.com LLC I* "), 693 F.Supp.2d 370, 375 n. 3 (S.D.N.Y.2010) (explaining that a court, in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), "may consider evidentiary matters outside the pleadings, by affidavit or otherwise, regarding the existence of jurisdiction" (citation and internal quotation marks omitted)).

## IV. DISCUSSION

### A. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction should be Denied

#### 1. The Forum Selection Clause Confers Jurisdiction upon this Court

Defendant's principal argument in seeking dismissal is that this Court lacks personal jurisdiction over him. *See* Def.'s Mot., Mem. of Law at 7-9. Plaintiff argues that Defendant consented to personal jurisdiction in New York courts by entering into the Personal Guaranty agreement with a forum selection clause. *See* Pl.'s Opp., Mem. of Law at 6. Defendant challenges the enforceability of the forum selection clause and argues that this Court should

6

instead consider New York's long arm statute to determine whether it has personal jurisdiction over Defendant in this case. *See* Def.'s Mot., Mem. of Law at 7-9.

New York's long-arm statute allows for specific jurisdiction over non-domiciliaries and provides that a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent transacted business within the state and the claim asserted arose from that business activity. *See Millennium Products Group, LLC v. World Class Freight, Inc.*, No. 2:17-cv-169 (DRH) (AYS), 2018 WL 1247384, at 2 (E.D.N.Y. Mar. 9, 2018). It is Defendant's position that he was a California resident, and that he did not transact any business within New York inasmuch as he conducted the negotiations and signed the SBA Loan and the AR Loan Agreements from California, and made payments for them from California. *See* Def.'s Mot., Mem. of Law at 9.

Defendant is incorrect in invoking New York's long-arm statute. "Under New York law, by entering into an agreement with a forum-selection clause, a party specifically consents to personal jurisdiction in New York courts, and waives any basis to dispute New York's jurisdiction." *Saye v. First Specialty Ins. Co.*, No. 14 Civ. 5946 (JG) (LB), 2015 WL 1737949, at 5 (E.D.N.Y. Apr. 16, 2015). It is well-established that a valid and enforceable forum selection clause obviates the need to analyze personal jurisdiction under New York law or due process under federal constitutional requirements. *Id.*; *Gramercy Advisors, LLC v. Coe*, No. 13 Civ. 9069 (VEC), 2014 WL 4197370, at *2 (S.D.N.Y. Aug. 25, 2014) ("A valid and enforceable forum selection clause confers personal jurisdiction consistent with New York's long-arm and constitutional due process requirements."); *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 152-53 (E.D.N.Y. 2012) (same); *Koninklijke Philips Elec. v. Digital Works*, 358 F. Supp. 2d 328, 333 (S.D.N.Y. 2005) ("A valid forum selection clause establishes sufficient

7

contacts with New York for purposes of jurisdiction and venue.") (collecting cases). "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964)).

Forum selection clauses play a crucial role in ensuring predictability in contract formation and there is a strong presumption in favor of upholding the enforceability of forum selection clauses. *See, e.g., Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tx.*, 571 U.S. 49, 63-64 (2013) (holding that courts should enforce valid forum selection clauses, bargained for by the parties, to protect their legitimate expectations and serve the interest of justice); *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (noting that, in the Second Circuit, forum selection clauses are viewed as "prima facie valid"); *Bluefire Wireless, Inc. v. Cloud9 Mobile Commc'ns, Ltd.*, No. 09 Civ. 7268, 2009 WL 4907060, at 3 (S.D.N.Y. Dec. 21, 2009) ("The Second Circuit has endorsed an expansive reading of the scope of forum selection clauses, in keeping with the policy favoring their use.") (citations omitted).

A forum selection clause is "presumptively enforceable if the moving party can demonstrate that: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory rather than permissive in nature; and (3) the claims involved are subject to the clause." *Dollar Phone Access, Inc. v. AT&T Inc.*, No. 14 Civ. 3240 (SLT) (LB), 2015 WL 430286, at 5 (E.D.N.Y. Feb. 2, 2015) (citations omitted).

Here, all three prongs have been satisfied. The forum selection clause set forth in paragraph 16 of the Personal Guaranty provides:

> 16. VENUE; JURISDICTION:
>
> 16.1 Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if Newtek so elects, be instituted in any court sitting in the State

8

of New York, in the city in which Newtek's chief executive office is located, or if none, any court sitting in the State of New York (the "Acceptable Forums"). Guarantor agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Guarantor waives any right to oppose any motion or application made by Newtek to transfer such proceeding to an Acceptable Forum.

Personal Guaranty, DE 34-5.  First, the forum selection clause was reasonably communicated to Defendant.  "A forum selection clause is reasonably communicated if it is phrased in clear and unambiguous language." *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d 597, 605 (E.D.N.Y. 2011) (holding that the forum selection clauses at issue were reasonably communicated where the clauses were clearly and unambiguously phrased and appeared in standard font in the main body of the contracts) (citing *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995)).  The forum selection clause is clearly and unambiguously phrased, and Defendant does not contend that the clause was in any way ambiguous.

Second, the forum-selection clause in the Personal Guaranty is mandatory in nature. Defendant argues that the forum section clause is permissive and not mandatory in nature.  See Def.'s Rep. at 2, DE 37.  This Court disagrees.  The clause states that "[a]ny suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if Newtek so elects, be instituted in any court sitting in the State of New York…"  Personal Guaranty ¶ 16, DE 34-5.  The word "shall" is a specific language of exclusion and effectively precludes Defendant from filing an action in an alternate forum.  *See, e.g., TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 378 (S.D.N.Y. 2010), aff'd in part, 647 F.3d 472 (2d. Cir. 2011), and aff'd in part, 435 F. App'x 31 (2d Cir. 2011) (enforcing forum selection clause as mandatory where it stated that claims "shall be litigated exclusively in the federal or state courts of Santa Clara County, California"); *Scherillo v. Dun & Bradstreet, Inc.,* 684 F. Supp. 2d 313,

9

323 (E.D.N.Y. 2010) ("The choice of forum is mandatory in this instance, as specific language regarding venue has been included in the clause, specifying that any lawsuit 'shall be maintained in the courts of the State of New Jersey, U.S.A., or the federal courts located in the State of New Jersey, U.S.A., which courts shall have exclusive jurisdiction for such purposes.'"). The clause further reads "[s]hould such proceeding be initiated in any other forum [other than New York], Guarantor waives any right to oppose any motion or application made by Newtek to transfer such proceeding to an Acceptable Forum". The clause clearly defines an acceptable forum to be a court in New York. Thus, the clause is mandatory in nature.

Lastly, Defendant does not deny that Plaintiff's claim for breach of Guaranty against Defendant is subject to the forum selection clause. "The scope of the forum selection clause is a contractual question that requires the courts to interpret the clause[.]" *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997). The scope of the forum selection clause here is very broad, encompassing "[a]ny suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof." Plaintiff's claim for breach of the Guaranty is not only directly contemplated by the language of the forum selection clause, but it arises out of the Guaranty. *See Phillips v. Audio Active Ltd.,* 494 F.3d 378, 389 (2d Cir. 2007) (defining "arising out of" to mean "to originate from a specified source" and to indicate a causal connection).

Therefore, Plaintiff has met its burden to establish that the forum selection clause in the Guaranty is presumptively enforceable and confers jurisdiction over Defendant in this case.

### 2. Defendant Failed to Rebut the Presumption of Enforceability

Once it is established that the forum selection clause is presumptively enforceable, then it is Defendant's heavy burden to rebut the "presumption of enforceability by making a sufficiently

10

strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Phillips*, 494 F.3d at 383-84 (citation and internal quotation marks omitted); *see also Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). This exception to enforcement is construed narrowly, and the party opposing the enforcement of a presumptively enforceable forum selection clause must make a strong showing that "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Phillips*, 494 F.3d at 392-93 (citing *Roby*, 996 F.2d at 1363); *Roby v. Corp. of Lloyds*, 996 F.2d 1353, 1361 (2d Cir. 1993).

Defendant argues that the forum selection clause in unenforceable for several reasons including (i) that he lacked legal representation at the time he entered into the SBA Loan, AR Loan or the Personal Guaranty, (ii) that he felt pressured by Plaintiff at the "eleventh hour" to execute and deliver the Personal Guaranty to obtain the second loan, and (iii) that the forum-selection clause would effectively deprive him of his day in court because he is a California resident and litigating this case in New York would be inconvenient.

None of the reasons cited by Sebbag rebut the presumption of enforceability. To successfully challenge the enforcement of a forum selection clause on the basis of fraud, Defendant must show that the forum selection clause itself was the product of fraud, coercion, or overreaching. *See, e.g., Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) ("This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud ... the clause is unenforceable. Rather, it means that a[ ] ... forum-selection clause ... is not enforceable if the inclusion of that clause in the contract was the product of fraud

11

or coercion."). Similarly, Defendant cannot avoid the forum selection clause by his assertion that he was not represented by counsel at the time he signed the Guaranty. *See Am. Mktg. Enters., Inc. v. Sun Apparel, Inc.*, No. 96 Civ. 1994 (DAB), 1997 WL 47813, at 2 (S.D.N.Y. Feb. 6, 1997) ("In any event, a forum selection clause may be valid even if the party was not represented by counsel or did not read the agreement."). Further, courts in the Second Circuit have routinely rejected boilerplate objections to enforcement of a forum selection clause based on allegations of the supposed inconvenience of litigating in another state. *See Calavo Growers of Cal. v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J., concurring). ("A forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel.").

Thus, Defendant has not met his heavy burden of rebutting the presumption of enforceability of the forum selection clause.

### B. Defendant's Motion to Defendant's Motion to Dismiss for Improper Venue or Transfer Venue to Central District of California should be Denied

Defendant moves to dismiss the Complaint for improper venue pursuant to 28 U.S.C. § 1406(a). In the alternative, Defendant contends that venue should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a) because he has resided in that California since 2002. Plaintiff opposes based on the forum selection clause.

Section 1406(a) permits a district court to transfer a case, "if it be in the interest of justice," when the venue is improper. 28 U.S.C. § 1406(a). On the other hand, Section 1404(a) allows a court to transfer a case, even if the venue is proper, to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Like personal jurisdiction, objections to venue are

12

waived by a forum selection clause. *See, e.g., Martinez*, 740 F.3d at 229 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for the pursuit of the litigation.") (citing *Atl. Marine Constr.*, 571 U.S. at 63); *PowerDsine, Inc. v. Broadcom Corp.*, No. 07 Civ. 2490 (SJF) (WDW), 2008 WL 268808, at 6 (E.D.N.Y. Jan. 29, 2008) ("By agreeing to the language of the mandatory forum selection clause in his Agreement, [defendant] has waived his right to contest venue as improper.") (collecting cases).

In any event, Defendant has failed to show how any of the factors courts typically consider in exercising their discretion to transfer venue pursuant to Section 1404(a) weigh in favor of transferring venue. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (discussing factors). Defendant does not provide any claim regarding the location of relevant witnesses or the location of evidence or sources of proof. As established above, a valid and enforceable forum selection clause controls this case.

Thus, Defendant's Motion to Dismiss for improper venue, or in the alternative transfer of venue to California should be denied.

## V.  CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's Motion to Dismiss the Complaint or Transfer Venue to the Central District of California be DENIED.

## VI.  OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
December 16, 2022